I do not agree with so much of the opinion of the majority as holds the defendant's eleventh prayer good. This prayer, in my opinion, is defective because it imposes too heavy a burden on the plaintiff to decide whether the car which he boarded or attempted to board was or was not in service at *Page 479 
the time. This view, standing alone, would mean non-concurrence in the result.
The only evidence of defendant's negligence is that which arises from the presumption where the relation of carrier and passenger exists, and assuming defendant's negligence, if there was negligence on the part of the plaintiff, it was contributory negligence, either causing the injuries or concurring with the defendant's presumed negligence to produce the result. The injury to the plaintiff was caused in one of two ways. According to the plaintiff's theory, he could only have been injured in trying to alight from a moving train or in being thrown off the steps by the starting of the car, and according to the defendant he was injured in attempting to board a moving train. On either theory I think the facts show such a clear case of contributory negligence that the defendant's "A" prayer should have been granted, and such a ruling would have resulted in a directed verdict for the defendant. Callis v. United Rwys. Co., 128 Md. 406, 413.
In Hagerstown and Frederick Rwy. Co. v. State, use ofCunningham, 129 Md. 318, where the passenger had taken a position on the platform, though urged by the conductor to go inside the car, which he declined to do, and "as the car was rounding the curve he fell or was thrown by its swaying motion," this court held that the doctrine of res ipsa loquitur did not apply, and that the defendant's prayer for a directed verdict for want of legally sufficient evidence of negligence should have been granted, and for as sound a reason here the defendant's "B" prayer should also have been granted.
For these reasons I concur in the result.